UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENGNUEN KOULAVONGSA,<br><br>                              Petitioner,<br><br>v.<br><br>W. SMITH, Warden,<br><br>                              Respondent. | Case No.: 16cv1115 JLS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Dkt. No. 6]** |

      Sengnuen Koulavongsa ("Petitioner") pleaded guilty in a California trial court to five criminal counts. Lodgment 2 Vol. 2 at 5-6. More than two years later, Petitioner, an inmate proceeding *pro se*, filed this Petition for *Writ of Habeas Corpus* under 28 U.S.C. § 2254. First Amended Pet. for Writ of Habeas Corpus [FAP]. Petitioner seeks federal habeas relief on the ground that he was coerced into pleading guilty because his counsel failed to challenge the allegedly tampered-with DNA evidence. *Id.* at 6, 15. Respondent filed an answer to this Petition, and argues that Petitioner fails to demonstrate how his guilty plea was involuntary through ineffective assistance of counsel. Resp't Mem. of P. & A at 3. The traverse was due October 12 but as of the date of this order, no traverse has been filed.

///

This Court reviewed the Petition, Respondent's answer, and all supporting documents. After a thorough review, this Court finds that Petitioner is not entitled to the relief requested and **RECOMMENDS** that the Petition be **DENIED**.

## I.        PROCEDURAL HISTORY

### A. The Conviction

The San Diego District Attorney's Office filed an information with five counts against Petitioner for these crimes: (1) evading an officer with reckless driving; (2) unlawful driving of a vehicle; (3) receiving a stolen vehicle; (4) receiving stolen property; and (5) possession of a blank check with intent to defraud. Lodgment 1 at 6-8.

On June 19, 2014, Petitioner appeared before the trial court at the plea hearing. Lodgment 2 Vol. 2. Petitioner had signed a written plea agreement that indicated he read and understood the consequences of his guilty plea. Lodgment 1 at 28, ¶16. Above Petitioner's signature on the plea agreement, Petitioner initialed a box that read, "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me." *Id.* at 26, ¶ 3. The court even asked Petitioner whether he was "entering this plea freely and voluntarily." Lodgment 2 Vol. 2 at 9-10. Petitioner stated on the record, "[y]es, your Honor." *Id.* at 9.

During the plea hearing, the court recounted the events that gave rise to the charges against Petitioner and inquired whether he was satisfied with his attorney's representation. *Id.* at 9-11. Petitioner responded with a "yeah," and indicated on his plea agreement that his attorney explained to him the consequences of pleading guilty. *Id.*; Lodgment 1 at 27, ¶7f.  The court accepted Petitioner's guilty plea. Lodgment 2 Vol. 2 at 13-14.

At the sentencing hearing on August 21, 2014, Petitioner told the court he had "been framed." Lodgment 2 Vol. 3 at 16-17. Petitioner wrote the court a letter saying that he wished to withdraw his guilty plea and proceed to trial. *Id.* at 16. The court conducted

a *Marsden* hearing,[1] and denied his request for new counsel. *See* id. at 34-35. The court sentenced Petitioner to seven years and four months in state prison. *Id.* at 38-40.

On October 29, 2014, Petitioner filed a notice of appeal. Lodgment 3 at 7. Petitioner argued that his felony forgery conviction should be reduced to a misdemeanor under Proposition 47. *Id.* at 9. The California Court of Appeal advised Petitioner to seek relief on his forgery conviction in the state superior court. Lodgment 5. Petitioner did not seek review. Resp't Mem. of P. & A at 2.

**B. Petitions for Collateral Review**

On June 9, 2015, while Petitioner's direct appeal was pending, he constructively filed a habeas petition in the San Diego Superior Court. Lodgment 6. Petitioner raised the same claim presented in this Petition for ineffective assistance of counsel on the failure to challenge DNA evidence. *Id.* at 3. The trial court denied the petition because it lacked jurisdiction to enter a decision while his criminal appeal was still pending. Lodgment at 2. Furthermore, Petitioner failed to allege his claim with sufficient particularity and the petition was unintelligible. *Id.*

Petitioner then filed a habeas petition with the same claim in the California Court of Appeal. Lodgment 8 at 3. The California Court of Appeal summarily denied the petition based on procedural grounds. *See* Lodgment 9. Petitioner filed another habeas petition with the California Supreme Court. Lodgment 10. As in his two previous petitions, Petitioner raised the same claim. *Id.* at 3. The California Supreme Court denied the petition as meritless. Lodgment 11.

On June 17, 2016, Petitioner filed the Petition now before this court. Petitioner seeks federal habeas relief on the ground that he was coerced into pleading guilty after his attorney failed to challenge the DNA evidence. FAP at 6, 15. Respondent filed an answer, arguing the Petition is barred due to Petitioner's guilty plea, and that Petitioner

---

[1] *See People v. Marsden*, 2 Cal. 3d 118 (1970).

fails to show how his guilty plea was involuntary through ineffective assistance of counsel. Resp't Mem. of P. & A. at 3.

## II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a federal court will not grant a habeas petition with respect to any claim adjudicated on the merits in state court, unless that adjudication was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003).

To determine whether a state court "unreasonably applied" Supreme Court law or "unreasonably determined" the facts, this Court reviews the last reasoned state court decision on the merits. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). When no state court provides a reasoned decision on the merits, this Court must independently review the record. *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2003); *Himes v. Thomspon*, 336 F.3d 848, 853 (9th Cir. 2003) (explaining that an independent review of the record is the only basis to see whether a silent state court decision is objectively reasonable).

A summary denial of petitioner's claim is presumed to be a denial on the merits. *See Phelps v. Alameida*, 569 F.3d 1120, 1126 n.8 (9th Cir. 2002) (rejecting a petition for failure to state a prima facie case constitutes a denial on the merits (citing *In re Clark*, 5 Cal. 4th 750, 769 (1993))). While conducting an independent review of the record, the federal court cannot analyze just what the state court did when it issued a summary denial; it must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Harrington v. Ritcher*, 562 U.S. 86, 98 (2011).

Here, the California Supreme Court denied Petitioner's claim as meritless. *See* Lodgment 11. No state court gave a reasoned opinion in denying Petitioner's claim, as

the California Court of Appeal summarily denied it as untimely and on procedural grounds. Lodgment 9 at 1. Therefore, this Court will conduct an independent review.

### III. DISCUSSION

Petitioner argues that his trial attorney rendered ineffective assistance of counsel on two grounds: (1) failure to object to DNA evidence; and (2) coercion to take the guilty plea. FAP at 6, 15.

**A. Counsel's Failure to Object to DNA Evidence**

Here, Petitioner contends his trial counsel failed to "challenge the fabrication of criminal liability [from the] San Diego County Sheriff Department." FAP at 36. Petitioner asserts that he was unable "to be assisted effectively in the pursuit of an evidentiary hearing regarding fraud-wise obtained evidence to provoke conviction." *Id.* Respondent however, argues that Petitioner's ineffective assistance of counsel claim for failure to challenge the DNA evidence is barred under *Tollett v. Henderson*, 411 U.S. 258 (1973). Resp't Mem. of P. & A at 3.

In *Tollett*, the Court held that a guilty plea forfeits an accused's right to raise claims of constitutional deprivation that occurred prior to the entry of a guilty plea. *Tollett*, 411 U.S. at 267. The Court reasoned that a "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* In other words, a defendant who pleads guilty cannot attack the plea based on ineffective assistance of counsel that arose before the plea bargain. *See id.* at 269. Accordingly, Petitioner may only challenge the voluntariness and intelligent nature behind the guilty plea. *See id.*; *see also Premo v. Moore*, 562 U.S. 115, 131 (2011) (finding claims alleging ineffective assistance of counsel in the context of a guilty plea creates uncertainty when there is no extended formal record and no actual history to show how the charges would have played out because hindsight and second-guesses are inappropriate).

As described above, Petitioner's claim is based on counsel's failure to challenge the DNA evidence. But it challenges counsel's alleged ineffective assistance that arose before the plea bargain. Such a claim is barred under *Tollett*.

Further, even if this claim was not barred under *Tollett*, Petitioner's claim is vague and conclusory. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994))). Petitioner says his trial counsel failed to "challenge the fabrication of criminal liability [from the] San Diego County Sheriff Department" when they "forcefully obtained my DNA in order to place at crime scene." FAP at 35-36. Yet, Petitioner fails to explain what favorable evidence would have been discovered or how challenging the DNA evidence would have resulted in a different outcome. Petitioner does not allege where he was at the time that the crime allegedly occurred. He fails to disclose an alibi or identify specific locations that his trial counsel should have investigated to show that the DNA evidence was in fact tampered with. Without showing what additional evidence would have been discovered, Petitioner cannot demonstrate any probability that he would have insisted on going to trial rather than plead guilty. Such conclusory allegations are insufficient to show how there was ineffective assistance of counsel.

Because Petitioner's ineffective assistance of counsel claim based on failure to challenge the DNA evidence is barred under *Tollett*, this Court **RECOMMENDS** that this claim be **DENIED**.

**B. Coercion to Plead Guilty**

Here, Petitioner raises a related claim that his guilty plea was invalid because his trial attorney had "no interest of finality of judgment infringing upon his 6th Amendment [right]." FAP at 6. Petitioner asserts that there was "coercion to plead guilty before exercising [his] 6th Amendment right to a fair trial, preparing with the approach to view the validity of the evidentiary process." *Id.*

The Sixth Amendment guarantees a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish an ineffective assistance of counsel claim, Petitioner must show: (1) counsel's performance fell below an "objective standard of reasonableness under prevailing professional norms; and (2) the

deficient performance prejudiced the defense." *Id.* at 687. Counsel's error must be so serious that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). In assessing counsel's performance, the court employs a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Strickland*, 466 U.S. at 690. The court's review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough*, 540 U.S. at 6.

Plea negotiations are a "critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). A guilty plea obtained through coercion is involuntary. *See Brady v. United States*, 397 U.S. 742, 750 (1970); *but see Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (holding that a defendant's representation at a plea hearing, as well as any findings made by the judge accepting the plea, constituted a "formidable barrier in any subsequent collateral proceedings"); *see Marshall v. Lonberger*, 459 U.S. 422, 437 (1983) (holding that a plea is presumed valid in habeas proceeding when the pleading defendant was represented by counsel).

When a petitioner alleges ineffective assistance of counsel during a plea process, the two-part test in *Strickland* applies. *Wright v. Van Patten*, 552 U.S. 120, 124 (2008). The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v Lockhart*, 474 U.S. 52, 59 (1985). Therefore, Petitioner must show that there is a "reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Blackledge* at 73-74 (finding "solemn declarations in open court carry a strong presumption of verity."); *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012) (finding petitioner's statements at the "plea colloquy carr[ied] a strong presumption of the truth.").

/ / /

As described in the facts, there was a full and complete colloquy between the trial court and Petitioner at the time he entered his guilty plea. *See* Lodgment 2 Vol. 2. Petitioner stated that he wished to plead guilty to the charges against him. *Id.* at 9. By pleading guilty, Petitioner waived his right to a jury trial, right to confront his accusers, and right against self-incrimination. Lodgment 1 at 26, ¶6a-6e. Petitioner specifically confirmed to the judge that he was satisfied with his attorney's representation. Lodgment 2 Vol. 2 at 9. Petitioner had also initialed each relevant section of the plea form, including the paragraph that indicated he was offering his plea "freely and voluntarily, without fear or threat to me or anyone closely related to me." Lodgment 1 at 26, ¶3. Based on Petitioner's representation in open court, the trial court found Petitioner made a "knowing, intelligent waiver of his constitutional rights, knowing the ramifications of the plea." Lodgment 2 Vol. 2 at 13.

The record reveals nothing to support Petitioner's claim that his attorney coerced him to plead guilty. Petitioner's statements on the record unequivocally demonstrate the intelligent and voluntary nature behind his plea. Furthermore, aside from failing to show how his guilty plea was involuntary, Petitioner fails to demonstrate how counsel's allegedly deficient performance prejudiced his case. Petitioner fails to show that he might have obtained a more favorable outcome at trial. Accordingly, Petitioner cannot show or even explain how there is a reasonable probability that, but for his attorney's actions, he would not have pleaded guilty and would have insisted on going to trial.

Therefore, after a review of the entire record, especially in light of the transcript at the plea hearing, this Court concludes that Petitioner has not met his burden to show how his guilty plea was coerced. Even if Petitioner insisted on going to trial, it is unlikely that Petitioner would have been acquitted, or if convicted, he would have received a lesser sentence. *Hill*, 474 U.S. at 59-60 (holding that there is no prejudice in cases where assuming the defendant had not taken the advice to plead guilty, the likelihood remains low that the trial or sentencing outcome would have changed).

///

For these reasons, Petitioner is not entitled to relief on his ineffective assistance of counsel claim and this Court **RECOMMENDS** that the district judge **DENY** it.

### IV. Conclusion

For these reasons, this court **RECOMMENDS** that the Petition be **DENIED** in its entirety. This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **November 17, 2016**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **November 30, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 27, 2016

Hon. Nita L. Stormes
United States Magistrate Judge